IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENIO L. RODRIGUEZ, <br> TDCJ #382692, <br><br> Plaintiff, <br><br> v. <br><br> ALFRED JANICEK, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br> CIVIL ACTION NO. H-06-1181 |

**MEMORANDUM OPINION AND ORDER**

Eugenio L. Rodriguez, a prisoner of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), has filed a civil rights Complaint Under 42 U.S.C. § 1983 against Warden Alfred Janicek, Sergeant Davis Fransaw, and Officer Sherelee Vader. All of the defendants are employed at the TDCJ-CID Ellis I Unit. Rodriguez seeks permission to proceed as a pauper. Rodriguez has a history of filing frivolous complaints. See Rodriguez v. Cockrell, No. H-04-3106 (S.D. Tex. Aug. 18, 2004). Therefore, the court will dismiss this action pursuant to 28 U.S.C. § 1915(g).

Rodriguez has submitted a motion for a temporary restraining order along with his complaint. In both pleadings Rodriguez contends that his life is in imminent danger and that the named defendants have done nothing to help him despite his efforts to inform them of the situation. He alleges that he previously filed

a federal civil rights complaint in the Corpus Christi Division of the United States District Court for the Southern District of Texas in which he claimed that TDCJ-CID officials were deliberately indifferent to his safety needs.  See Rodriquez v. Cockrell, No. C-02-0295 (S.D. Tex. Feb. 25, 2004).  Rodriguez claims that the case was satisfactorily resolved, and he was transferred to another unit.  However, the court's record reflects that the action was dismissed after the district court granted the defendants' Motion for Summary Judgment.  Id.

Rodriguez alleges that his problems resumed when he was returned to the Ellis Unit, which housed inmates who were antagonistic towards him.  He claims that he wrote letters to Warden Janicek, who forwarded them to Vader.  Vader in turn inspected Rodriguez's cell, found a shank there, and charged him with a disciplinary violation.  Rodriguez was then punished and placed in a close custody area where he alleges that he is housed with gang members who are affiliated with inmates with whom he has had problems.  Rodriguez believes that he is subject to assault and alleges that both guards and inmates have threatened him.  He requests that this court issue an order transferring him to another unit.

Rodriguez has filed numerous prisoner complaints while he has been in prison; and four of these were dismissed as frivolous prior to this action.  Rodriquez v. Knowles, (D.N.M.) aff'd 69 F.3d 548,

1995 WL 649903 (10th Cir. Nov. 6, 1995); Rodriguez v. Rutledge, (D.N.M.), aff'd 1 F.3d 1249, 1993 WL 298930 (10th Cir. July 28, 1993). Rodriguez v. Playboy Magazine, No. 4-92cv10694 (C.D. Iowa Apr. 8, 1992); Rodriguez v. Muniz, No. 01-cv-218 (W.D. Tex. Jan. 24, 2002).

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Rodriguez's unsubstantiated fears that he might be attacked do not establish that he is in imminent danger. Babcock v. White, 102 F.3d 267, 271-72 (7th Cir. 1996). Rodriguez's conclusory allegations and his reports of verbal abuse do not indicate that he has been recently subjected to any violence or that he was at risk of serious harm when he filed his complaint. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Consequently, Rodriguez has failed to show that he is eligible to proceed as a pauper. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998).

Accordingly, the court **ORDERS** that this prisoner action is **DISMISSED without prejudice** to refiling with advance payment of the entire filing fee. 28 U.S.C. § 1915(g).

Rodriguez's Application to Proceed In Forma Pauperis (Docket Entry No. 2) and Request for an Injunction and an Emergency Temporary Restraining Order (Docket Entry No. 3) are **DENIED**.

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the plaintiff; the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax number 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.**

**SIGNED** at Houston, Texas, on this the 13th day of April, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE